IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | § | |
| | § | No. 364, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N13L-07-007 |
| ARTISANS' BANK, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 8, 2019
Decided: January 31, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     In 2009, the appellant, M. Denise Tolliver, executed a promissory note to finance the purchase of a property located at 614 West 7th Street, Wilmington, Delaware ("7th Street"). Tolliver fell into delinquency, and, in 2013, the appellee, Artisans' Bank, filed a foreclosure action in the Superior Court seeking relief *in rem* on the mortgage and *in personam* on the promissory note. After Tolliver failed to appear or otherwise defend the actions, Artisans' Bank obtained a default judgment in the principal amount of $94,372.26, together with interest and costs, on each cause of action. On November 12, 2013, 7th Street was sold at sheriff's sale for $40,000

to Artisans' Bank. Tolliver did not file an objection to the sale and it was confirmed in due course. Artisans' Bank credited Tolliver's account the appraised value of 7th Street, or $62,000, resulting in a deficiency judgment in excess of $31,000 against Tolliver.

(2) Five years later, in December 2018, Artisans' Bank was contacted by the real estate agent representing Tolliver in the sale of another one of Tolliver's properties located at 1222 North Walnut Street, Wilmington, Delaware ("Walnut Street"). It appears from the record that the sale of Walnut Street was a short sale to avoid the foreclosure by another mortgagee, Wells Fargo. In any event, Wells Fargo offered Artisans' Bank $3,000 to satisfy the *in personam* judgment against Tolliver that resulted in a lien on Walnut Street. Artisans' Bank agreed. Walnut Street proceeded to settlement in January 2019. Wells Fargo paid Artisans' Bank the $3,000 as agreed. No sum was deducted from Tolliver's proceeds from the sale of Walnut Street.

(3) Following the sale of Walnut Street, Tolliver moved to vacate the 2013 default judgment entered against her in Artisans' Bank's foreclosure action. Tolliver argued, among other things, that Artisan's Bank had discharged the deficiency judgment against her as evidenced by her receipt of a Form 1099-C from Artisans' Bank in 2016 labeled "Cancellation of Debt."

2

(4) The parties appeared before a Superior Court Commissioner on March 29, 2019. At the hearing, Tolliver expressed her concern that Artisans' Bank could continue to "go after" her for the deficiency judgment. Artisans' Bank argued that the Form 1099-C Tolliver received was merely issued as a matter of course when Artisans' Bank determined it was unable to collect on the judgment and did not have the practical effect of discharging the deficiency judgment. Artisans' Bank also pointed out that (i) Tolliver was not a party to the transaction between Artisans' Bank and Wells Fargo and (ii) Tolliver was receiving a substantial benefit because Artisans' Bank agreed to satisfy her $31,000 debt at no cost to her.

(5) The Superior Court declined to rule on Tolliver's motion to vacate. Instead, on April 2, 2019, the court entered an order memorializing the parties' agreement that Artisans' Bank would (i) retain the $3,000 it received from Wells Fargo in connection with the settlement on Walnut Street and (ii) satisfy the deficiency judgment against Tolliver in its entirety. Also on April 2, 2019, the Superior Court entered an order satisfying Artisans' Bank's judgment against Tolliver.

(6) Tolliver filed a motion to reargue dated March 30, 2019, and docketed April 12, 2019. Artisans' Bank objected, arguing that the motion was (i) untimely, (ii) an attempt to raise new arguments, and (iii) moot. On May 24, 2019, the Superior Court Commissioner dismissed the motion to reargue as moot because the April 2,

3

2019 order "merely approved the parties' agreed upon resolution" and did not make a substantive ruling that could be reconsidered.[1] On June 19, 2019, Tolliver sought review of the commissioner's order by a Superior Court Judge. Artisans' Bank objected, arguing, among other things, that (i) Tolliver had not followed the proper procedure for review when she initially filed a motion to reargue as opposed to a request for review of the commissioner's order as provided by Superior Court Civil Rule 132; (ii) Tolliver's motion for review was untimely as it was filed well in excess of ten days of the commissioner's order; and (iii) the motion was moot because the deficiency judgment had been satisfied.

(7) On August 1, 2019, the Superior Court held a hearing on the request for review. The Superior Court determined that the motion for reconsideration was procedurally barred as untimely filed and that the commissioner had not, in any event, misapprehended the facts or law when she had not, in fact, made a ruling in the first place. This appeal followed.

(8) On appeal, Tolliver argues that the Superior Court erred by: (i) entering both the *in rem* and *in personam* default judgments at the same time; (ii) failing to consider her debt cancellation, unjust enrichment, and waiver claims in the foreclosure action; (iii) denying Tolliver's motion for reconsideration; (iv) failing to

---

[1] The commissioner appears to have accepted Tolliver's representation that she had contacted the commissioner's office to ensure that her motion for reargument had been timely filed.

4

consider her argument that unfair means were used to collect a nonjudicial debt; and (v) failing to consider her discrimination claims raised under the Equal Credit Opportunity Act.

(9) After careful consideration, we conclude that the Superior Court's order should be affirmed on the basis of and for the reasons set forth on the record on August 1, 2019. The only argument that could not have been raised earlier in the foreclosure proceedings—and therefore the only argument arguably preserved for reargument, review, and appeal—was that the From 1099-C served to discharge Artisans' Bank's deficiency judgment against Tolliver. But the court did not make a substantive ruling on that argument.[2] Instead, the commissioner entered an order that satisfied the deficiency judgment against Tolliver, to the substantial benefit of— and absolutely no detriment to—Tolliver. Tolliver has long since waived any challenge she may have raised to the underlying 2013 mortgage foreclosure action.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] The commissioner noted, correctly, that a determination of the legal implications, if any, of the "Cancellation of Debt" notice would require a separate evidentiary hearing.